UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:18-CV-00115-LLK

PHILIP P. SMITH                                                                                    PLAINTIFF

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security                 DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for Social Security disability benefits. The fact and law summaries of Plaintiff and Defendant are at Dockets # 12 and 15. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. (Docket # 9.)

Plaintiff's primary argument is that the Administrative Law Judge's ("ALJ's") finding regarding his need for a sit-stand option is inconsistent with the ALJ's finding that he is limited to sedentary work. Because the argument is unpersuasive and the ALJ's decision is supported by substantial evidence, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**Discussion**

In his written decision, the ALJ found that Plaintiff has a residual functional capacity (RFC) to perform sedentary work, with a sit-stand option:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the [RFC] to perform sedentary work as defined in 20 CFR 404.1567(a).… He can stand/walk two of eight hours and sit six of eight hours. He requires a sit-stand option at 30-minute intervals taking no more than one to two minutes to change position.

(AR at 21.) At the administrative hearing, the ALJ presented a hypothetical to the vocational expert (VE) that contemplated the above RFC finding:

> *ALJ:* Let me ask you a hypothetical question. … Let's assume the individual is capable of a limited range of sedentary work …, with standing and walking two hours total in a workday. And sitting

six hours in a workday, but with an option to sit and stand at 30-minute intervals during the day, taking a minute or two to change position.

(AR at 53.) In response to the hypothetical, the VE identified three compatible jobs that exist in significant numbers in the national economy. (AR at 54.) The ALJ asked the VE whether his testimony was consistent with the Dictionary of Occupational Titles (DOT), and the VE testified that it was:

> *VE:* The sedentary jobs [require] sitting six [hours per 8-hour workday], [with the] opportunity to **sit** *(sic.) (the VE apparently meant to say "stand")* a couple hours if you want to, [the DOT jobs definitions] don't describe an option to sit or stand at 30-minutes intervals. But it's somewhat implied in the definition. Not all sedentary jobs would accommodate that, but most would. Other than that, yes [the VE's testimony is consistent with the DOT]. (*Id.*)

As noted above, the ALJ asked the VE to assume that Plaintiff requires "an option to sit and stand at 30-minute intervals during the day, taking a minute or two to change position." (AR at 53.) This hypothetical is (semantically) equivocal, i.e., it has "two opposing meanings." Cambridge Dictionary. First, it could mean that Plaintiff must be allowed to alternate between 30 minutes of sitting and 30 minutes of standing and he may take up to two minutes to transition from sitting to standing and vice versa. Second, it could mean that Plaintiff must be allowed to stand every 30 minutes for at least a minute or two.

Plaintiff assumes the first interpretation and argues that it is inconsistent with the ALJ's finding that he is limited to sedentary (as opposed to light) work. Sedentary work contemplates 6 hours of sitting per 8-hour workday (with standing/walking during the remaining 2 hours). Social Security Ruling (SSR) 83-10, 1983 WL 31251, at *5. In contrast, light work contemplates 6 hours of standing/walking per 8-hour workday (with sitting during the remaining 2 hours). *Id.* at *5-6. According to Plaintiff's argument:

> There is a problem in the wording of the sit/stand option that makes it incompatible with the sedentary work restriction that limits the Plaintiff to standing two hours per day [with sitting during the remaining four hours]. If the Plaintiff is allowed to work under the sit/stand accommodation as defined by the Residual Functional Capacity, he should be allowed to change between sitting and standing activities for a thirty-minute duration in either position. After being allowed to alternate positions at that duration, at the end of the work day he would have been standing for four hours per day. This amount of standing is a conflict with the sedentary restriction given of two hours standing per work day.

(Docket # 12 at 3-4.)

The argument is unpersuasive for two reasons. First, the second interpretation does not give rise to the inconsistency argued by Plaintiff. There is no reason apparent why the Court should **assume** the ALJ intended and the VE understood a meaning that gives rise to inconsistency. "No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that remand might lead to a different result." *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507 (6th Cir. 2006) (quoting *Fisher v. Sec'y of Health & Human Servs.*, 869 F.2d 1055, 1057 (7th Cir. 1989)). The Court declines to remand this matter to the ALJ for the purely semantic purpose of making an unequivocal RFC finding and presenting an unequivocal vocational hypothetical.

Second, Plaintiff's argument is unpersuasive because it fails to adequately take into account the fact that the ALJ found that Plaintiff has "a residual functional capacity to perform sedentary work." (AR at 21.) "Your residual functional capacity is the **most** *(emphasis added)* you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1). An individual with an RFC for sedentary (as opposed to light) work would prefer sitting to standing and would **not** opt (though the terms of the hypothetical might allow it) to sit and stand equal amounts of time during the workday.

Plaintiff's counsel made essentially the same argument in an unrelated case before Magistrate Judge Brennenstuhl. Like the ALJ in the present case, the ALJ in *Newton v. Comm'r* found that the claimant had an RFC to "perform a limited range of sedentary work, …, with standing and walking two hours in an eight-hour day, sitting six hours in an eight-hour day, with an option to sit and stand at 30 minute intervals, taking a minute or two to change position." *Newton v. Comm'r*, No. 1:18-CV-00076-HBB, 2019 WL 2250282, at *3 (W.D. Ky. May 24, 2019). Judge Brennenstuhl rejected Newton's argument that the vocational hypothetical was "inconsistent with the ALJ's finding that she is capable of sitting for at least [six] hours … during … the work day" because:

> … the ALJ's RFC finding indicates Newton can perform sedentary work that allowed Newton to stand for up to 30-minute intervals before sitting down again. As stated by the Commissioner, this does not require Newton to alternate sitting and standing every 30 minutes, it merely gives

her the option to do so as needed.  Thus, the ALJ's RFC finding, his hypothetical posed to the vocational expert, and his reliance on the vocational expert's testimony are not inconsistent.  (*Id.*)

Finally, Plaintiff argues that the ALJ's (equivocal) sit-stand option does not satisfy the requirement that it be "specific as to the frequency of the individual's need to alternate sitting and standing." (Docket # 12 at 4 referencing Social Security Ruling ("SSR") 96-9p, 1996 WL 374185, at *7.)  In *Kepke v. Comm'r*, Kepke argued that the ALJ's sit-stand option did not satisfy the specificity requirement. *Kepke v. Comm'r*, 636 F. App'x 625, 636 (6th Cir. 2016).  The Sixth Circuit held that "[b]ecause Kepke failed to probe this alleged deficiency at the ALJ hearing, she forfeited this argument." *Id.*  Therefore, since Plaintiff did not "probe" this alleged deficiency at the ALJ hearing (AR at 53-54), *Kepke* prevents this Court from addressing it here.

### Order

Therefore, the final decision of the Commissioner is AFFIRMED, and Plaintiff's complaint is DISMISSED.

July 8, 2019

**Lanny King, Magistrate Judge**
**United States District Court**